# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
BURTON, RODRIGUEZ, and FLEMING
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant TERRACE L. SOLOMON**
**United States Army, Appellant**

ARMY 20160456

Headquarters, United States Army Alaska
Sean F. Mangan, Military Judge
Colonel Erik L. Christiansen, Staff Judge Advocate

For Appellant: Captain Catherine E. Godfrey, JA; Zachary Spilman, Esquire (on brief and reply brief)

For Appellee: Colonel Steven P. Haight, JA; Lieutenant Colonel Wayne H. Williams, JA; Major Hannah E. Kaufman, JA; Captain Christopher T. Leighton, JA (on brief).

10 March 2020

------------------------------------------------------------------
SUMMARY DISPOSITION ON FURTHER REVIEW
------------------------------------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

FLEMING, Judge:

In our second review of appellant's case under Article 66, UCMJ, we dismiss an additional specification and reassess his sentence.[1]

---

[1] An enlisted panel sitting as a general court-martial convicted appellant contrary to his pleas of two specifications of violating an order from a superior commissioned officer, two specifications of insubordinate conduct towards a superior noncommissioned officer, one specification of assault consummated by a battery of a child under the age of sixteen, three specifications of assault consummated by a battery, one specification of simple assault, and one specification of using language

(continued . . .)

Appellant raised eight assignments of error in our first review under Article 66, UCMJ.[2] *See United States v. Solomon*, ARMY 20160456, 2019 CCA LEXIS 149 (Army Ct. Crim. App. 3 Apr. 10) (mem. op.). We issued a lengthy memorandum opinion affirming, dismissing, and setting aside various specifications and setting aside the sentence. *Id.* at * 36-37 We remanded the case and provided the same or a different convening authority with two options: "1) order a rehearing on Specification 2 of Charge III and the sentence; or 2) dismiss Specification 2 of Charge III and reassess the sentence, affirming no more than a bad-conduct discharge, confinement for twenty-four months, forfeiture of all pay and allowances, and reduction to the grade of E-1."[3] *Id.* at *37. As to the second option, we stated:

> In reassessing the sentence, we are satisfied that the sentence adjudged on the offenses we affirm would have been at least a bad-conduct discharge, confinement for twenty-four months, forfeiture of all pay and allowances, and reduction to the grade of E-1. *See United States v. Sales*, 22 M.J. 305, 308 (C.M.A. 1986); *United States v.*

---

(. . . continued)
that was prejudicial to good order and discipline and was of a nature to bring discredit on the armed forces, in violation of Articles 90, 91, 128, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 890, 891, 928, 934 [UCMJ]. The panel sentenced appellant to a dishonorable discharge, confinement for twelve years, total forfeiture of all pay and allowances, and reduction to the grade of E-1. The convening authority disapproved the findings of guilty to one of the specifications of assault consummated by a battery and the specification of using language that was prejudicial to good order and discipline and was of a nature to bring discredit on the armed forces. The convening authority approved only so much of the sentence extending to a dishonorable discharge, confinement for three years, total forfeiture of all pay and allowances, and reduction to the grade of E-1. The convening authority also credited appellant with 243 days of pretrial confinement credit against the sentence to confinement.

[2] We determined two errors merited discussion; one of which merited relief. We determined one of the two matters filed by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), merited relief. *Solomon*, 2019 CCA LEXIS 149, at *3, 37.

[3] As to any sentence to confinement, appellant was credited with the 243 days of pretrial confinement credit originally granted at trial and with an additional 86 days of confinement credit for the government's noncompliance with R.C.M. 305. *Id.* at *37.

> *Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013). This
> reassessment, being both appropriate and purging the
> record as it stands of error, does not otherwise limit the
> sentence that may be adjudged at a rehearing. *See* UCMJ,
> art. 63.

*Id.* at *37 n. 23.

In September 2019, the convening authority selected our second option by dismissing Specification 2 of Charge III, reassessing the sentence, and approving a bad-conduct discharge, confinement for twenty-four months, forfeiture of all pay and allowances, and reduction to the grade of E-1.

Appellant's case is again before us for review pursuant to Article 66, UCMJ. Appellant renews seven assignments of error previously raised during our initial review and asserts three new assignments of error. One of appellant's new assignments of error merits discussion but no relief.[4]

## LAW AND DISCUSSION

Appellant now asserts the convening authority was not authorized to reassess his sentence after our court set the sentence aside. We pause to note that appellant did not file a request for reconsideration regarding this alleged legal error with our court after our issuance of our memorandum opinion. Appellant did, however, in his Rule for Courts-Martial (R.C.M.) 1105 submission to the convening authority assert "[t]he Army court is wrong."[5] Despite his assertion of error, appellant urged the convening authority to approve a sentence of no punishment – a defense request the convening authority denied.

Having now notified our court of this alleged error, we will assume, without deciding, that our court erred in granting the convening authority the ability to

---

[4] We have given full and fair consideration to all of appellant's other assignments of error and the matter raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and find they merit neither discussion nor relief.

[5] Pursuant to R.C.M. 1105, after a sentence is adjudged, an accused may submit matters to the convening authority "[t]hat may reasonably tend to affect the convening authority's decision whether to disapprove any findings of guilty or to approve the sentence, except as may be limited by R.C.M. 1107(b)(3)(C)." An accused's submissions may include "[a]llegations of errors affecting the legality of the findings or sentence." R.C.M. 1105(b)(2)(A).

reassess appellant's sentence after we set the sentence aside. Even if we erred, this court then possessed and still possesses the authority to reassess appellant's sentence. *See Winckelmann*, 73 M.J. at 15 (courts of criminal appeals have "broad discretion" in deciding to reassess a sentence to cure error as well as in arriving at the reassessed sentence). We exercised this authority in our memorandum opinion when we stated "in reassessing the sentence" that appellant's sentence "would have been at least a bad-conduct discharge, confinement for twenty-four months, forfeiture of all pay and allowances, and reduction to the grade of E-1." *Solomon*, 2019 CCA LEXIS 149, at *37 n. 23.

We have again closely reviewed appellant's record of trial and are satisfied that the sentence adjudged for the offenses we affirm would have been at least a bad-conduct discharge, confinement for twenty-four months, forfeiture of all pay and allowances, and reduction to the grade of E-1. *See Winckelmann*, 73 M.J. at 15-16; *Sales*, 22 M.J. at 308. This reassessment is both appropriate and purges the record as it stands of error. *See* UCMJ, art. 63

## CONCLUSION

Specification 2 of Charge III is DISMISSED. We reassess the sentence and affirm no more than a bad-conduct discharge, confinement for twenty-four months, forfeiture of all pay and allowances, and reduction to the grade of E-1. As to any sentence to confinement, appellant will be credited with the 243 days of pretrial confinement credit originally granted at trial and with an additional 86 days of confinement credit for the government's noncompliance with R.C.M. 305.

Senior Judge BURTON and Judge RODRIGUEZ concur.

FOR THE COURT:

JOHN P. TAITT
Chief Deputy Clerk of Court

4